Filed 2/3/16  P. v. Hicks CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B264688 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA223240) |
| v. | |
| GEORGE EDWARD HICKS, | |
| Defendant and Appellant. | |

THE COURT:*

Defendant and appellant George Edward Hicks (defendant) appeals from an order denying his petition for resentencing under the provisions of Proposition 47 which reduce some felony theft offenses to misdemeanors.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On November 2, 2015, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, including the augmented clerk's transcript, and finding no arguable issues, affirm the order.

---

*        ASHMANN-GERST, Acting P.J., CHAVEZ, J., HOFFSTADT, J.

In January 2001, defendant was convicted of second degree burglary in violation of Penal Code section 459.[1] In February 2015, after the passage of Proposition 47, defendant filed a petition for recall of his sentence and reduction of his conviction to a misdemeanor.[2] (See §§ 1170.18; 459.5.) The People opposed the petition, alleging that defendant was ineligible for Proposition 47 relief on the ground that in 2005, defendant had been convicted of murder, in violation of section 187, in Los Angeles Superior Court case No. BA275712. On April 16, 2015, the trial court denied the petition upon finding that defendant was ineligible for the reasons stated in the People's opposition, in that defendant had a conviction for an offense listed in section 667, subdivision (e)(2)(C)(iv). (See § 1170.18, subd. (i).)[3] Defendant filed a timely notice of appeal from the order.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] Defendant's 2003 conviction of petty theft with a prior in violation of section 666, in Los Angeles Superior Court case No. VA074045, was the subject of another Proposition 47 petition, the denial of which we affirmed in *People v. Hicks* (Jan. 20, 2016, B264512 [nonpub. opn.].)

[3] We take judicial notice of the abstract of judgment for Los Angeles Superior Court case No. BA27512, reproduced in the augmented clerk's transcript filed October 19, 2015.